IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES RAY LESLIE,**

    Petitioner,

v.                                                                                           Civil Action No. **3:12CV726**

**DIRECTOR, VA DEPT. OF CORR.,**

    Respondent.

## MEMORANDUM OPINION

Charles Ray Leslie, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Newport News, Virginia ("Circuit Court") for aggravated malicious wounding and abduction. In his § 2254 Petition, Leslie argues entitlement to relief based upon the following grounds:

| | |
|---|---|
| Claim One: | "The evidence was insufficient for the jury to find Leslie guilty beyond a reasonable doubt particularly given the conflicts in testimony of victim and witnesses." (§ 2254 Pet. 15.)[1] |
| Claim Two: | The Court erred by failing to give "the requested instruction by the Defendant on self-defense." (*Id.*) |
| Claim Three: | Trial counsel unreasonably failed to introduce as defense exhibits photographs of Leslie's injuries. (*Id.* at 26.) |
| Claim Four: | Trial counsel failed to object "to the Commonwealth presenting contradictory versions of material facts, between Jones and Benbow, as barred by the doctrine of judicial estoppel and the prohibition against approbating and reprobating. (*Id.* at 27.) |

---

[1] The Court employs the pagination assigned by the Clerk's CM/ECF docketing system for Leslie's § 2254 Petition and attachments. The Court corrects the capitalization and removes emphasis and underlining in the quotations from Leslie's submissions.

Claim Five: Trial counsel "failed to request proper heat of passion" jury instructions. (*Id.*)

Claim Six: Trial counsel "failed to request jury instructions to define the distinct elements for aggravated malicious wounding." (*Id.*)

Claim Seven: Trial counsel "failed to request jury instructions which [would allow] the jury to find [Leslie] not guilty of abduction if the jury found that the abduction was not separate and apart from aggravated malicious wounding." (*Id.*)

Claim Eight: Revocation counsel failed to request a continuance and to object to the sufficiency of evidence for a violation until after Leslie exhausted his post-conviction remedies. (*Id.*)

Respondent moves to dismiss the § 2254 Petition. Respondent provided Leslie with appropriate *Roseboro* notice.[2] (ECF No. 8.) Leslie has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a jury trial, the Circuit Court convicted Leslie of aggravated malicious wounding and abduction, and sentenced him to a total of forty years of incarceration. *Commonwealth v. Leslie*, No. 58089–06, at 1–2 (Va. Cir. Ct. Dec. 1, 2008); *Commonwealth v. Leslie*, 58602–06, at 1 (Va. Cir. Ct. Dec. 1, 2008). Leslie appealed this decision to the Court of Appeals of Virginia raising Claims One and Two in the instant § 2254 Petition. Petition for Appeal at 2, *Leslie v. Commonwealth*, No. 2879–08–1 (Va. Ct. App. filed Mar. 23, 2009). The Court of Appeals of Virginia denied the petition for appeal. *Leslie v. Commonwealth*, No. 2879–08–1, at 1 (Va. Ct. App. July 7, 2009). The Supreme Court of Virginia refused Leslie's subsequent petition for appeal. *Leslie v. Commonwealth*, No. 091445, at 1 (Va. Nov. 19, 2009).

---

[2] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975); see also E.D. Va. Loc. Civ. R. 7(K).

Leslie, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court raising Claims Three through Eight of the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 3–4, *Leslie v. Dir., Dep't of Corr.*, No. CR10H01248 (Va. Cir. Ct. filed June 28, 2010). Finding that Leslie failed to demonstrate ineffective assistance of trial counsel, the Circuit Court dismissed his petition. *Leslie v. Dir., Dep't of Corr.*, No. CR10H01248, at 2–6 (Va. Cir. Ct. Sept. 30, 2011). Leslie, by counsel, filed an appeal to the Supreme Court of Virginia, raising Claims Three and Five of the instant § 2254 Petition.[3] Petition for Appeal at 1, *Leslie v. Dir., Dep't of Corr.*, No. 112286 (Va. filed Dec. 28, 2011). Finding no reversible error, the Supreme Court of Virginia refused the Petition for Appeal. *Leslie v. Dir., Dep't of Corr.*, No. 112286, at 1 (Va. Apr. 13, 2012).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

---

[3] Respondent argues that Leslie procedurally defaulted Claims Four, Six, Seven and Eight because Leslie failed to raise these claims before the Supreme Court of Virginia by not pursuing them in the appeal of the Circuit Court's dismissal of his habeas petition. (Br. Supp. Mot. Dismiss (ECF No. 11) 5.) In his Reply, Leslie admits these claims are defaulted. (Reply (ECF No. 12) 1.) Despite this admission and the Court's belief that the claims are defaulted, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 113 S. Ct. 1911 (2013), counsel's failure to raise the additional ineffective assistance claims before the Supreme Court of Virginia may establish cause for the procedural default of Claims Four, Six, Seven, and Eight. *Martinez*, 132 S. Ct. at 1320. Given the foregoing circumstances, the absence of briefing on the impact of *Martinez* by Respondent, and the evident lack of merit of the underlying claims, judicial economy dictates that the court address the merits of Claims Four, Six, Seven, and Eight. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. PURPORTED ERROR OF THE CIRCUIT COURT

In Claim Two, Leslie argues that the Circuit Court erred by failing to give the self-defense jury instruction as requested by Leslie. Leslie identifies no constitutional violation, and instead challenges the Circuit Court's determination of state law. The trial court's alleged error provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"). Accordingly, Claim Two will be dismissed.

### IV. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

A jury convicted Leslie of aggravated malicious wounding in violation of section 18.2–51.2 of the Virginia code.[4] That section states, in pertinent part: "If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment." Va. Code. Ann. § 18.2–51.2A. Leslie argues that "[w]ith the diversity of description of what happened in the key points in the case it is not possible to place credibility with either one of the witnesses, and, therefore, the conviction of the defendant should not stand." (§ 2254 Pet. 24.)

The Court of Appeals aptly summarized the evidence of Leslie's guilt as follows:

> [T]he evidence proved that on December 24, 2005, Delores Jones lived with appellant. Jones' sister and her boyfriend, Benbow, stopped to visit them. Jones gave her sister lobster tails that appellant had given Jones. Appellant was asleep when Jones' sister left, and Jones told Benbow she needed to wake appellant because he "would start something" if he saw them together in the kitchen.
> Before Jones could wake appellant, he entered the kitchen and asked Jones about the lobster tails. Jones testified appellant went into a rage and hit her. Jones testified she told appellant that she was not going to fight him and she picked up a kitchen knife. Jones told appellant to stay away from her or she would cut him. Jones testified she told appellant that she was going to put the knife down, go for a walk outside, and appellant should calm down while she was gone. Jones stated she put down the knife, turned, and stepped outside when she

---

[4] Leslie's § 2254 Petition raises no challenge to the sufficiency of the evidence with respect to the abduction conviction.

5

was hit across her back with a wooden level. Jones said she fell down, and appellant repeatedly hit her with the level while stating he was going to kill her. Jones testified Benbow helped her back inside and appellant continued to kick her. Benbow helped Jones to a bedroom but appellant kicked in the door, dragged her to the living room, and continued to hit her.

Jones suffered a fractured arm, a fractured ankle, fractured fingers, multiple contusions and bruises, and a large open head wound. Stitches were needed to close the head wound, and a metal plate was needed to treat the ankle fracture. At the time of appellant's trial, Jones testified she had difficulty walking and was in pain. Photographs of Jones' injuries were admitted into evidence.

Benbow testified appellant entered the kitchen and Jones and appellant argued. Benbow testified Jones picked up a knife and told appellant she would cut him if he came near her. Benbow testified appellant approached Jones and she cut his hand. Benbow testified appellant left the kitchen, but returned with the level. Benbow testified appellant hit Jones in the back, they scuffled, Jones left the residence, and appellant followed. Benbow testified he covered his face because he did not want to get involved and he could not recall if he went outside to help Jones. Benbow testified appellant dragged Jones back inside to the living room, where appellant kicked her. Benbow testified he helped Jones to a bedroom and appellant followed. Benbow testified appellant knocked on the door and he later exited the bedroom with Jones.

*Leslie v. Commonwealth*, No. 2879-08-1, at 1-2 (Va. Ct. App. July 7, 2009). In finding sufficient evidence to convict Leslie, the Court of Appeals explained:

The jury heard the testimony of the witnesses and observed their demeanor. The jury also evaluated any inconsistencies between Jones' testimony and Benbow's testimony and resolved the inconsistencies. Jones and Benbow both agreed that appellant was angry, that Jones had a knife, that Jones told appellant to stay away from her, that appellant left the kitchen and returned with the level, that Jones tried to leave, that appellant hit Jones from behind, and that appellant hit Jones while she was outside the residence.[5] Based upon the review of the record, there was sufficient evidence supporting the jury's verdict. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated malicious wounding.

*Id.* at 3 (footnote number altered).

Despite any inconsistencies, the jury found the testimony of Jones and Benbow credible and supported a finding beyond a reasonable doubt that Leslie was guilty of aggravated

---

[5] Appellant's sufficiency argument in his petition for appeal did not address the abduction conviction.

malicious wounding. Both Jones and Benbow testified as to Leslie's anger, that Jones initially had a knife and told Leslie to stay away, and that, subsequently, Leslie repeatedly struck and kicked Jones even after Jones tried to get away from Leslie. Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, the Court will DISMISS Claim One.

## V. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Three, Leslie argues that trial counsel failed to introduce photographs of Leslie's injuries at trial. In rejecting this claim, the Circuit Court explained:

> The Court finds that photographs of the minor injuries petitioner received during his first attack on Delores Jones were not relevant and admissible, because they

7

could not as a matter of law establish self-defense with respect to petitioner's second, unprovoked, attack on the then-unarmed Jones. The Court further finds that counsel's perception of a risk of an unfavorable comparison between petitioner's minor injuries and the very severe injuries of Delores Jones was not unreasonable, and that counsel's decision not to introduce these photographs was a reasonable tactical decision rather than the incompetence petitioner alleges. The Court also finds it not likely that these photographs would have changed the outcome of petitioner's trial. The Court dismisses Claim [Three] for failure to establish deficient performance or prejudice under the standard in *Strickland*....

*Leslie*, No. CR10H01248, at 2.

The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Counsel reasonably eschewed introducing photographs of Leslie's injuries in light of Jones's extensive and severe injuries. Counsel explained that he "was concerned that the comparatively minor injuries sustained by Mr. Leslie would invite an unflattering comparison between his injuries and the injuries of complainant Delores Jones." Respondent's Motion to Dismiss Ex. 1, *Leslie v. Dir., Dep't of Corr.*, No. CR10H01248, at 2 (Va. Cir. Ct. filed Aug. 27, 2011). The jury also heard testimony that Jones wielded a knife and cut Leslie with it during their struggle. Moreover, Leslie fails to demonstrate that but for counsel's failure to introduce the photographs of his injuries, a jury would have found Leslie not guilty of the aggravated malicious wounding count. Because Leslie demonstrates neither deficiency of counsel nor resulting prejudice, Claim Three will be DISMISSED.

In Claim Four, Leslie argues that counsel failed to object on the grounds of judicial estoppel and approbating and reprobating to the Commonwealth's presentation of contradictory versions of material facts. In rejecting this claim, the Circuit Court made the following findings:

> The Court finds that the transcript of trial and the affidavit of petitioner's counsel establish that the prosecution was not pursuing inconsistent theories in presenting the case against petitioner. The record reflects merely two witnesses who offered slightly inconsistent testimony. A party may offer witness testimony and allow

8

> the fact-finder to resolve any inconsistencies in the testimony. As a competent trial attorney, petitioner's counsel correctly refrained from construing this as giving rise to any legitimate issue of estoppel, and thus refrained from making a meritless motion. This was not deficient performance. The Commonwealth's position consistently was that petitioner maliciously wounded the victim, causing permanent and significant physical impairment, and that petitioner committed a separate abduction of his victim by dragging her back in the house. The Court finds further that there is no reasonable probability that the motions suggested by petitioner would have succeeded. The Court thus dismisses Claim [Four].

*Leslie*, No. CR10H01248, at 2–3. Given that the resolution of Leslie's claim of ineffective assistance of counsel is highly dependent upon Virginia law, Leslie fails to demonstrate prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . a federal court should be especially differential to a state post-conviction court's interpretation of its own state's law.) Moreover, counsel reasonably eschewed pursuing this unmeritorious objection as the Commonwealth's theories were not inconsistent. Because Leslie fails to demonstrate prejudice, Claim Four will be DISMISSED

In Claims Five, Six, and Seven, Leslie faults counsel for failing to request certain jury instructions. In Claim Five, Leslie argues that counsel failed to request a "proper heat of passion" jury instruction "which would have precluded a finding of any degree of offense greater than unlawful wounding (a Class 6 felony, with a maximum punishment of only 5 years)." (§ 2254 Pet. 37.) In rejecting Claim Five, the Circuit Court made the following pertinent findings:

> The Court finds that petitioner was entitled only to instructions supported by the evidence . . . . Because petitioner points to nothing in the record, that would have provided more than a scintilla of evidence to support a finding of heat of passion, counsel's performance was not deficient. Mere evidence of jealousy as a motive for beating the victim was not sufficient. Furthermore, because the Court would not have given such an instruction without evidentiary support, petitioner was not prejudiced as a result of counsel's failure to seek a heat-of-passion instruction.

*Leslie*, No. CR10H01248, at 3.

In Claim Six, Leslie argues that counsel "failed to request jury instructions to define the distinct elements for aggravated malicious wounding of 'severely injured' and of physical impairment which is both 'permanent' and 'significant'...." (§ 2254 Pet. 27.) Leslie contends that "[t]he addition of those defining and thus limiting jury instructions, would have created a reasonable likelihood that the jury's verdicts [sic] would have been not guilty of 'aggravated' malicious wounding." (*Id.* at 41.) In finding no deficient performance by counsel or prejudice, the Circuit Court explained:

> The Court finds petitioner has waived this claim by failing to proffer the specific instruction he believes his counsel should have sought. Absent such a proffer, there is no basis upon which to find counsel's performance deficient or to find prejudice to the petitioner. *See Elliott v. Commonwealth*, 267 Va. 396, 428 (2004).
> The Court finds further that counsel's performance was not deficient in failing to request the jury be instructed about the meaning of words which would have been known to them. The terms "severely injured" and the terms "permanent" and "significant" would have been readily apparent to the jury from the context of their usage in the statute. *See Elliott v. Warden*, 274 Va. 598, 624 (2007). Counsel's affidavit, moreover, establishes that he had no doubt that the jury was able to correctly apply these terms in the context of petitioner's trial.

*Leslie*, No. CR10H01248, at 4.

In Claim Seven, Leslie faults counsel for failing to request jury instructions that would permit "the jury to find the Petitioner not guilty of abduction if the jury found the abduction was not separate and apart from aggravated malicious wounding, . . . and failed to challenge the sufficiency and legality of the distinct crime of abduction." (§ 2254 Pet. 41.) In rejecting this claim due to no deficiency or prejudice, the Circuit Court explained:

> The Court finds that the evidence would not have supported such an instruction. The record demonstrates that petitioner did not need to drag the victim back into the house in order to renew his assault upon her. This abduction committed for the purpose of making detection of his crime less likely was a separate offense. *See Coram v. Commonwealth*, 3 Va. App. 623, 352 S.E.2d 532 (1987). The Court finds no unreasonable error by petitioner's counsel in not requesting an instruction on abduction incidental to the crime of wounding and, because such an

10

instruction would have been unsupported by the record, there is no reasonable likelihood it would have been granted.

*Leslie*, No. CR10H01248, at 4.

Given that the resolution of Leslie's claims of ineffective assistance of counsel is highly dependent upon Virginia law, Leslie fails to demonstrate prejudice. *See Richardson*, 668 F.3d at 141. Moreover, counsel reasonably eschewed seeking the jury instructions Leslie desired. First, as explained by the Circuit Court, the evidence failed to support a heat of passion jury instruction (Claim Five) and a jury instruction on abduction incidental to the aggravated malicious wounding (Claim Seven). Counsel also reasonably eschewed requesting jury instructions on terms within the jury's common knowledge (Claim Six). *See* Respondent's Motion to Dismiss Ex. 1, *Leslie v. Dir., Dep't of Corr.*, No. CR10H01248, at 3 (Va. Cir. Ct. filed Aug. 27, 2011). Indeed, with respect to Claim Six, the jury could have easily concluded, based on Jones's testimony and the photographs depicting her injuries, that Jones was both "severely injured" and that her injuries were "permanent" and "significant" for purposes of the Virginia aggravated malicious wounding statute. Because Leslie fails to demonstrate deficiency or prejudice, Claims Five, Six, and Seven will be DISMISSED.

In Claim Eight, Leslie faults revocation counsel for failing to request a continuance and object to the sufficiency of the evidence for the violation "until after the Petitioner exhausted his post-conviction efforts to justly prove that he was either legally less culpable or not in violation." (§ 2254 Pet. 27.) Leslie explains that he was convicted of rape in October 1993, and on June 29, 2009, he appeared for a revocation hearing of the previously suspended sentence of ten years and six months. (*Id.* at 44–45.) In rejecting this claim, the Circuit Court explained:

> This Court finds, as a threshold matter that a revocation proceeding in which the predicate is a conviction of another offense is a proceeding in which there is no constitutional right to counsel, because there are no complicated issues of fact to

> be presented to the court. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). A claim of ineffective assistance will not lie where there is no constitutional right to counsel in the first instance. *Howard v. Warden*, 232 Va. 16, 19–20, 384 S.E.2d 211, 213 (1896).
>
> The [C]ourt furthermore finds that counsel's performance was not deficient, and that petitioner was not prejudiced. Counsel in the revocation hearing is not required to seek an indefinite continuance for the purpose of allowing hypothetical future appeals and post-conviction remedies to be exhausted, and there is no reasonable likelihood that such a motion, for an indefinite continuance of many years, would be successful. Indeed, there was little likelihood that any appeals would be successful given that petitioner stipulated to the violation of probation. It would require speculation to conclude that any legally cognizable prejudice could come to a defendant from delaying probation revocation proceedings until after all appeals and habeas corpus remedies are exhausted. Accordingly, even had petitioner had a constitutional entitlement to counsel, he has failed to establish either deficient performance or prejudice.

*Leslie*, No. CR10H01248, at 5.

Leslie fails to demonstrate the Circuit Court's conclusion that he lacked a constitutional right to counsel at his revocation hearing is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)–(2). First, as Leslie stipulated to the violation, he clearly failed to present a colorable claim of innocence for the probation violation. *See Gagnon*, 411 U.S. at 790. Second, Leslie neither offers other evidence relevant to his defense nor explains why any mitigating reasons "are complex or otherwise difficult to develop or present." *Id.*; *see Maxwell v. Barnett*, No. 89–6027, 1991 WL 22828, at *2 (4th Cir. Feb. 26, 1991) (explaining that *Gagnon* requires appointment of counsel only where the alleged violations are contested or "where the reasons that justify or mitigate the violation are complex or otherwise difficult to develop and present") (citing *Gagnon*, 411 U.S. at 790). Accordingly, Leslie lacked entitlement to counsel during his revocation proceeding. Claim Eight will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 8) will be GRANTED. Leslie's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

Date: 7/25/13
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Leslie fails to meet this standard.